UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANNA BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:22-CV-00161-KC |
| | ) |
| CITY OF EL PASO, TEXAS; | ) |
| GREGORY K. ALLEN, Individually; | ) |
| OLIVER K. MEISE, Individually; and | ) |
| JARRED R. FRANK, Individually, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT THE CITY OF EL PASO AND GREGORY K. ALLEN'S FIRST AMENDED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendants the CITY OF EL PASO, ("City") and GREGORY K. ALLEN ("Allen"), and file their First Amended Motion to Dismiss Plaintiffs First Amended Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted the City and Allen are entitled to dismissal as to Plaintiff's claims. In support, the Movants shows as follows:

### I. BACKGROUND

1. Plaintiff filed her Complaint on or about May 5, 2022. ("Complaint" ECF 1). On August 2, 2022, a Summons and a copy of the Complaint were served upon Mayor Oscar Leeser on behalf of the City. On August 3, 2022, a Summons and a copy of the Complaint were served upon Chief Gregory Allen. On September 13, 2022, Plaintiff filed her First Amended ("Amended Complaint"

ECF 18). The City and Allen's Motion to Dismiss is being filed timely pursuant to the Federal Rules of Civil Procedure.

2.     Plaintiff's claims revolve around an incident that occurred on August 27, 2021. Amd. Compl. ¶ 16. Plaintiff states she and her children went to *Urban Air Venture Park* to celebrate her daughter's birthday. Amd. Compl. ¶ 16. Plaintiff and her children left the establishment at around 10 p.m. Amd. Compl. ¶ 18. As she was driving Plaintiff alleges she was burnt by ash from her cigarette and accidentally struck a curb and a small sapling. Amd. Compl. ¶ 19-20. Plaintiff states no one was injured in the collision. Amd. Compl. ¶ 22.

3.     Officers Meise and Frank of the City of El Paso Police Department ("EPPD") arrived on scene soon after the collision. Amd. Compl. ¶ 24. Plaintiff alleges she was advised she was going to be arrested for the offense of Driving While Intoxicated with child passenger. Amd. Compl. ¶ 27. Plaintiff states she was not asked to perform any standardized field sobriety tests, further, Plaintiff denies being intoxicated. Amd. Compl. ¶ 27.

4.     Plaintiff alleges Officer Frank used a leg sweep on her legs causing her to fall and strike the ground. Amd. Compl. ¶ 29. Plaintiff denies that she was resisting arrest. Amd. Compl. ¶ 29. Plaintiff states she was handcuffed and sat on the curb. Amd. Compl. ¶ 29. Plaintiff alleges she was then struck in the face by Officer Frank multiple times. Amd. Compl. ¶ 30. Plaintiff alleges Officer Meise was assisting Officer Frank by holding her shoulder as Frank struck her. Amd. Compl. ¶ 30. Plaintiff was then transported to the hospital in an ambulance. Amd. Compl. ¶ 32-33.

5.     Plaintiff brings claims against the City of El Paso, Chief Gregory K. Allen and the two involved officers alleging civil rights violations under 42 U.S.C. §1983. In addition, Plaintiff brings *Monell* claims against the City of El Paso.

## II.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff Has Not Plead Any Facts that the City or Allen Maintained a Policy or Custom of Excessive Force.**

6.     City respectfully asks this Honorable Court to dismiss Plaintiff's claims where the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883 (5th Cir. 2003). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier,* 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996).

7.     A municipality can only be held liable under §1983 if the Plaintiff proves each of the following essential elements: (1) a violation of a recognized, constitutionally protected right, resulting from (2) a municipal policy or custom, (3) promulgated by a policy-maker that, (4) through its deliberate indifferent implementation, (5) is the "moving force" or direct cause of the alleged injury. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978); *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997); *McKinney v. Irving Indep. School Dist.*, 309 F.3d 308, 312 (5th Cir. 2002). Simply stated, the Plaintiff must identify the policy or custom, connect the policy or custom to the City itself and show that her injury was incurred because of the application of that specific policy or custom. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). Liability must rest on official policy or custom, meaning the city government's policy or custom, and not the policy or custom of an individual official. *Id*. at 769. A municipality may be liable for constitutional violations under 42 U.S.C. §1983, but there is no *respondeat superior* liability. *Monell*, 436 U.S. at 694. Lastly, a municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only

Page **3** of 17
21-1026-11816.001/Doc. No.: 1198267
City's Rule 12(b)6 Motion to Dismiss

for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001).

8. There are two primary considerations for a court's analysis of the propriety of dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. First, the allegations contained in the complaint are to be construed in the Plaintiff's favor, and all well-pleaded facts in the complaint are accepted as true. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations in the complaint, however, shall not be accepted as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Conclusory allegations, legal conclusions masquerading as factual conclusions or unwarranted deduction of facts, are not accepted as true, and are not adequate to prevent dismissal. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). Second, a Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Elsensohn v. St. Tammany Parish Sheriff's Office.* 530 F.3d 368, 372 (5th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007); *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007). If a Plaintiff fails to allege facts in a pleading that are sufficient to nudge the claims across the line from conceivable to plausible, the complaint must be dismissed. *Id*. at 570.

9. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The grounds for relief require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,*

550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 556. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678 *citing* Federal Rule of Civil Procedure 8(a)(2).

10.     Plaintiff does not cite to a written policy to support her claim for municipal liability for excessive use of force. Instead she argues that the City has a "persistent and widespread practice of officers using excessive deadly, intermediate force, or other excessive force". Amd. Compl. ¶ 41. She further alleges that EPPD's "practices are so widespread that they constitute a custom that fairly represents municipal policy". Amd. Compl. ¶ 41. Plaintiff's Amended Complaint highlights ten incidents in an attempt to show a pattern of excessive force to establish municipal liability. *See* Amd. Compl. ¶ 39, 64 – 82. A pattern can be considered an official policy when it is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (*quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984). A single instance of conduct cannot prove that an entity has an unconstitutional policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

11.     When a plaintiff attempts to use prior incidents to prove a pattern, said incidents "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.), on reh'g, 739 F.2d 993 (5th Cir. 1984). Further, a "pattern requires similarity and specificity". *Peterson v. City of Fort Worth*, 588 F.3d, 838, 850. "Prior indications cannot simply be for any and all 'bad' or unwise acts,

but rather must point to the specific violation in question." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir.2005).

12.     The United States Court of Appeals, Fifth Circuit has previously addressed the issue of what constitutes a pattern. In *Pineda v. City of Houston*, the 5th Circuit held that eleven incidents of warrantless entry did not support a pattern of unconstitutional warrantless entry. *Pineda v. City of Houston*, 291 F.3d 325, 329 n.12 (5th Cir.2002). The court examined the specific context and circumstances in those eleven incidents and found that officers reported obtaining consent or exigent circumstance to effect the warrantless entries. *Id*.

13.     In *Peterson v. City of Fort Worth, Texas*, the Fifth Circuit affirmed the district court when it found that twenty-seven complaints for excessive force were insufficient to establish a pattern of excessive force. *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 851 (5th Cir. 2009). In each of the twenty-seven complaints the defendant city conducted internal investigations. *Id* at 852.

14.     Even assuming the truth of the incidents Plaintiff alleges in her Amended Complaint they do not indicate that the City maintained an officially policy authorizing the use of excessive force. *See Peterson,* 588 F.3d at 851. In each of the prior incidents Plaintiffs alleges the involved officers were brought before a Discipline Review Board ("DRB") and Allen who either took no action regarding an officers alleged conduct; or in Plaintiffs opinion, took insufficient disciplinary action against the officer in question. Amd. Compl. ¶ 39, 64 – 82. "[E]ven assuming error in the unsustained investigations, the record as a whole will not support a legal conclusion that the City maintained an official policy of condoning excessive force". *Peterson*, 588 F.3d at 852. The ten prior incidents mentioned by Plaintiff occurred from 2013 to 2016. Ten incidents over four years does not reflect a pattern of excessive force.

15.     The ten incidents referenced in Plaintiffs Amended Complaint are distinguishable from the allegations she brings against the City and Allen. In all but one of the incidents mentioned in Plaintiffs Amended Complaint, each involved a citizen who was suffering from a mental health crisis or otherwise suffering from a mental illness. The other incident involved a citizen who was suffering a medical emergency. Amd. Compl. ¶ 78. Even citing a single instance of conduct that is factually similar and specific will not prove that the City has an unconstitutional policy. All of the incidents referenced by Plaintiff are factually distinguishable from Plaintiffs allegations. Plaintiff does not assert that she was suffering from a mental illness or mental health crisis. Nor was she suffering from a medical emergency, as Plaintiff states no one was injured in the collision. Amd. Compl. ¶ 22. These incidents are not factually similar, nor specific enough to carry Plaintiffs burden of showing an official policy or custom.

16.     Plaintiff relies on *Sanchez v. Gomez*, in support of her *Monell* claim. No. EP-17-CV-133 PRM, 2020 WL 1036046, at *4 (W.D. Tex. Mar. 3, 2020). In *Sanchez*, the plaintiffs *Monell* claim was specifically related to the EPPD's use of force against individuals suffering from mental illness. *Id* at *4. Again, the facts in *Sanchez* are distinguishable from the allegations contained in Plaintiffs Amended Complaint. In *Sanchez,* the District Court granted the City's Motion for Summary Judgment regarding the plaintiffs *Monell* liability theory that EPPD had a pattern or practice of using excessive force against persons suffering from mental illness. *Id* at *39. Plaintiffs reliance on *Sanchez* to establish a pattern or practice of excessive force is misplaced as it is not substantially similar to the allegations Plaintiff makes. Plaintiff relies so heavily on the *Sanchez* case that in paragraph 90 of her Amended Complaint she failed to replace the plaintiffs

name from *Sanchez* with her own when she alleges "Erik's" constitutional rights were violated. *See* Amd. Compl. ¶ 90.

17. Plaintiffs' claims for a pattern of excessive force fails as Plaintiff has simply presented legal conclusions presented as a simple formulaic recitation of a *Monell* claim. Therefore, Plaintiff's claim regarding *Monell* liability for excessive use of force fails.

**B.     Plaintiff Has Not Plead Any Facts that the City nor Allen Maintained an Inadequate Training and Supervision Policy.**

18. As part of her *Monell* liability theory, Plaintiff alleges the City and Allen fail to properly train or supervise officers. Amd. Compl. ¶ 40, ¶ 88 b. In order to establish the City's liability for failure to train or supervise, a plaintiff must show (1) the City's training policy or procedure was inadequate; (2) that inadequate training policy was a 'moving force' in causing a violation of plaintiff's rights and (3) the City was deliberately indifferent in adopting its training policy. *Pineda v. City of Houston*, 291 F.3d 325, 331–32 (5th Cir. 2002). For a claim of failure to supervise, a plaintiff must present evidence that it was obvious that "the highly predictable consequence" of not supervising its officers would lead to the violations of constitutional rights of citizens. *Peterson*, 588 F.3d at 850.

19. Plaintiff does not cite to a written policy to support her claim for municipal liability for failure to train and supervise. Plaintiff again highlights the same ten incidents in an attempt to show a pattern of failure to train and supervise to establish municipal liability. Plaintiff's Pleadings regarding the failure to train or supervise constitute only a formulaic recitation of the elements of a putative *Monell* claim. *See* Amd. Compl. ¶ 7, 40, 56, 83, 85, 88b, 89, 90. The United States Supreme Court has said that "…the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-

Page **8** of **17**
21-1026-11816.001/Doc. No.: 1198267
City's Rule 12(b)6 Motion to Dismiss

unlawfully-harmed-me accusation…. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." … Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678. This is precisely what the Plaintiff does in her Amended Complaint. Plaintiff again relies on the *Sanchez* case to prove inadequate training. Amd. Compl. ¶ 7. As previously stated, the facts in *Sanchez* are distinguishable as it involved a citizen suffering from a mental illness. In *Sanchez,* the plaintiffs, in their complaint, specifically alleged how the officers were inadequately trained to interact with mentally ill individuals. *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 545 (W.D. Tex. 2017). Here, Plaintiff does not offer any facts to show how officers are inadequately trained or supervised.

20.     Plaintiff's Amended Complaint offers only conclusory statements regarding training and supervision of officers. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff's claim regarding training and supervision fails to provide any facts to support this assertion. Plaintiff makes the conclusory allegation that all of these things are so. *See* Amd. Compl. ¶ 7, 40, 56, 83, 85, 88 – 90.  Plaintiff's Amended Complaint contains no facts about the City's training or supervision policies, or how they are defective. Plaintiff does not allege any pattern of complaints by other citizens about these officers, or that complaints have not been investigated, if and when any may have been made. Plaintiff also has not presented factual allegations about deliberate indifference in

adopting the policies. Absent these kinds of allegations, Plaintiff fails to state a claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 581-82 (5th Cir. 2001); *Pineda v. City of Houston*, 124 F.Supp.2d 1057, (S.D.Tex. 2000); *Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009). Finally, there are no factual allegations to show that the alleged inadequate policies were the driving force behind Plaintiff's alleged constitutional rights, therefore, this claim fails.

### C. Plaintiff has Not Plead Any Facts that the City or Allen Failed to Investigate or Discipline its Officers.

21. Plaintiff attempts to plead a pattern of failure to investigate and discipline by highlighting the same ten incidents. Amd. Compl. ¶ 39, 64 – 82. "[A] City policy of inadequate officer discipline could be unconstitutional if it was pursued with deliberate indifference toward the constitutional rights of citizens." *Piotrowski*, 237 F.3d at 581. As previously stated, in order to prove a pattern, they "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Webster,* 735 F.2d at 842. Said pattern "requires similarity and specificity". *Peterson* at 850.

22. The ten referenced incidents are distinguishable from Plaintiffs allegations for failure to investigate and discipline. These incidents are factually distinguishable from Plaintiffs allegations. Plaintiff does not assert that she was suffering from a mental illness or mental health crisis. These incidents are not substantially similar, nor specific enough to carry Plaintiffs burden of showing an official policy or custom. As previously stated, even if Plaintiff cited a single instance of conduct that is factually similar and specific to her allegations, that will still not prove that the City has an unconstitutional policy.

23. The 5th Circuit has held that "an isolated decision not to discipline an officer after a single episode of illegality could not itself supply the causal link." *Webster,* 735 F.2d at 851. Further, that "single decision did not show a policy or custom authorizing or encouraging police misconduct through a persistent failure to discipline offending officers." *Id.* For a city to be held liable plaintiff is required to identify a "causal connection between some action or inaction by the city and the asserted constitutional deprivation.". *Webster*, 735 F.2d at 850.

24. The 5th Circuit also addressed the requisite proof to claim a policy of inadequate investigation and discipline. In *Piotrowski v. City of Houston*, the court reasoned that one way in which a plaintiff might prove a discipline was pursued with deliberate indifference was a "purely formalistic investigation in which little evidence was taken, the file was bare, and the conclusions of the investigator were perfunctory." *Piotrowski v. City of Houston*, 237 F.3d 567, 582(5th Cir. 2001). Plaintiff presents no such evidence here. Plaintiff acknowledged that Officer Frank was investigated by Internal Affairs and disciplined as a result of this incident, albeit, not to her satisfaction. Amd. Compl. ¶ 9. She also states that Officer Meise, the other officer involved in this incident, was investigated but not disciplined. Amd. Compl. ¶ 9.

25. Regardless if Plaintiff agrees or disagrees with the end result of the Internal Affairs investigation, Plaintiff has failed to plead any "systematic inattention to [her] complaints." *Piotrowski,* 237 F.3d at 582. Lastly, Plaintiff failed to allege any other complaints made against officers Frank and Meise, nor any complaints made against Frank or Meiase by other citizens. Plaintiff's claims for failure to investigate and discipline are merely legal conclusions using prior factually distinguishable instances of conduct, therefore, this claim fails.

**D.     Plaintiff's other *Monnell* Claims Fail to State a Claim Upon which Relief can be Granted and Lack the Requisite Causation Requirement.**

26. First, Plaintiffs claim regarding the City's alleged failure to provide body-worn cameras fails to state a claim upon which relief can be granted. Plaintiff blithely states that the City consciously chose to be the largest city in Texas without having issued body worn cameras to its officers. Amd. Compl. ¶ 8. The source of this allegation is not apparent from Plaintiffs pleading. However, Plaintiff also acknowledges that the City has approved a measure to issue body worn cameras to its officers. Amd. Compl. ¶ 37. Plaintiff claim fails as she offers no evidence that the lack of body worn cameras was the direct cause of her alleged injuries. There is no legal requirement for the City to issue body worn cameras to all of its officers. Further, body worn cameras are not mandated by the Constitution or laws of the United States. Plaintiff's Amended Complaint contains no factual allegations that attribute the alleged failure to provide body worn cameras to Allen or the City. Further, there are no factual allegations to show that the alleged inadequate body worn camera policy was the driving force behind Plaintiff's alleged constitutional right violation, therefore, this claim fails.

27. Next, Plaintiffs claim regarding the City and Allen's failure to classify officer-involved shootings as unjustified has no relevance to Plaintiffs allegations as they do not involve the discharge of a firearm. Plaintiff cannot prove that any such alleged policy or custom was the "moving force" or direct cause of her alleged injury. *Monell,* 436 U.S. at 694. "[T]here must be a direct causal link between the municipal policy and the constitutional deprivation". *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001). In her Amended Complaint Plaintiff alleges that Officer Jared Frank used his leg to sweep Plaintiff off her feet causing her to strike the ground. Amd. Compl. ¶ 29. She further alleges Officer Meise held her shoulder while Officer Frank struck her with his hands. Amd. Compl. ¶ 30. Plaintiff has not pleaded any facts that an alleged policy or

custom relating to the classification of officer-involved shootings was the direct cause of her injury. Plaintiff presents no factual allegations that the officers involved in this incident even discharged their firearms, therefore, this claim fails.

28. Plaintiffs claim regarding the City's alleged failure to provide a means to collect monetary damages for excessive force claims fails to state a claim upon which relief can be granted. Plaintiff provides no legal authority that would provide a legal basis for such a claim and her only mention of said claim comes from paragraph 88(g) of her Amended Complaint. *See* Amd. Compl. ¶ 88. Plaintiff does not plead any facts in support of this claim. Further, such procedure is not mandated by the Constitution or laws of the United States. Claims for excessive force are sufficiently protected under 42 U.S.C. §1983. Plaintiff has not pleaded any facts that the lack of said procedure or policy was the direct cause of her injury, therefore, this claim fails.

29. Next, although not specifically plead as a cause of action, Plaintiff states the City's does not require insurance or other indemnification for alleged Constitutional and civil right violations. *See* Amd. Compl. ¶ 40. Plaintiff alleges that this actively discourages litigants and attorneys from filing lawsuits. Amd. Compl. ¶ 40. Nothing in 42 U.S.C. §1983 obligates the City to indemnify or require insurance of its police officers for alleged constitutional or civil rights violations. There is no *respondeat superior* liability under §1983. *Monell*, 436 U.S. at 694. As such, the City is not vicariously liable for its employees and need not indemnify them from alleged torts. Further, Plaintiff pleads no factual allegations to show that a lack of insurance or other indemnity agreements were the driving force behind Plaintiff's alleged constitutional right violation.

30. Lastly, paragraph 88 (h) of Plaintiffs Amended Complaint brings an additional *Monell* claim regarding the City's failure to provide for a means to financially compensate for civil rights

violations. This added claim is duplicative of the previous allegation contained in paragraph 88(g) of Plaintiffs Amended Complaint. Plaintiff does not plead any facts in support of this claim. Such a procedure is not mandated by the Constitution or laws of the United States. Claims for excessive force are sufficiently protected under 42 U.S.C. §1983. Plaintiff has not pleaded any facts that the lack of said procedure or policy was the direct cause of her injury, therefore, this claim fails.

E.   **Duplicity of Claims Against Municipal Entity and Municipal Employee in Individual Capacity.**

31.   Plaintiff brings this suit against Allen is in his individual capacity. Amd. Compl. ¶ 5. However, Plaintiff asserts no independent claim against Allen personally. Instead, Plaintiff's *Monnell* claim asserts that Allen, along with the Mayor and City Council for the City of El Paso, are policymakers Amd. Compl. ¶ 88. Plaintiffs *Monell* claims against the City are intertwined with her claims against Allen. Plaintiff's allegations against Allen fail to state a claim upon which relief can be granted, because she has not pleaded any facts to show Allen took any specific action against her or that Allen's individual actions caused a violation of her constitutional rights.

32.   Plaintiff's Amended Complaint does not allege that Allen was personally involved in any way outside of his capacity as an agent of Defendant City. Therefore, Plaintiff claim is really a suit against Allen in his officially capacity as the Chief of the City of El Paso Police Department. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. "It is well-established that courts may dismiss claims against individuals in their official capacity, in favor of claims against their employing entity, where the official-capacity claims 'duplicate claims against the respective governmental entities themselves.'" *Doe v. Burleson Cnty.,* No. 1:20-CV-126-SH, 2021 WL

Page **14** of 17
21-1026-11816.001/Doc. No.: 1198267
City's Rule 12(b)6 Motion to Dismiss

4267894, at *2 (W.D. Tex. Aug. 27, 2021) (*quoting Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).

33. Here, Plaintiff's claim against Defendant Allen are really claims against him in his official capacity, as an agent of Defendant City. The claims against Allen are identical to her claims against Defendant City. As the City is a named party in this cause the Court should dismiss Allen from this suit with prejudice, because Plaintiffs claim is duplicative of Plaintiff's claims against Defendant City.

### III. CONCLUSION

34. Plaintiff has failed to allege any facts, which demonstrate a City policy, custom, or practice that are sufficient to nudge her allegations across the line from conceivable to plausible. Plaintiff's attempt to plead a §1983 claim for municipal liability fails to state a claim upon which relief can be granted. Plaintiff fails to allege facts that would demonstrate a City policy that authorizes the types of excessive force alleged by Plaintiff and connect that policy to Plaintiff's alleged injury. Plaintiff's Claims regarding failure to train and supervise, failure to classify officer-involved shootings as unjustified, failure to implement body worn-cameras and failing to provide a means to collect on excessive force claims also lack sufficient factual information to nudge the Plaintiff's claims past the point of conceivable into the realm of probable, and thus are not able to survive a motion to dismiss. All of Plaintiff's allegations regarding municipal liability are insufficient to withstand a motion to dismiss because they are mere legal conclusions lacking factual specificity, and constitute only a formulaic recitation of the elements of a *Monell* cause.

### IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants City and Allen respectfully requests that this Honorable Court grant City's Motion to Dismiss all of Plaintiff's claims against City and Allen, and enter an order dismissing all of Plaintiff's claims against the City and Allen with prejudice and grant all other relief to which they are entitled.

Respectfully submitted,

**KARLA M. NIEMAN**, City Attorney
State Bar No. 24048542
P.O. Box 1890
El Paso, Texas 79950-1890
Tel: 915-212-0033
Fax: 915-212-0034

Date: September 19, 2022.                /s/Mathew Engelbaum
**Mathew J. Engelbaum**
Assistant City Attorney
State Bar No.: 24097653
EngelbaumMJ@elpasotexas.gov
Phone: (915) 212-0033
Fax: (915) 212-0034
Attorneys for Defendants the City of El Paso and
Gregory K. Allen

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022 a true and correct copy of the foregoing was e-filed with the Clerk of this Court using the CM/ECF system and that a courtesy copy was forwarded to:

Randall L. Kallinen                                Attorneys for Plaintiff
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
Telephone: (713) 320-3785
Email: attorneyKallinen@aol.com

Alexander C. Johnson

Page **16** of **17**
21-1026-11816.001/Doc. No.: 1198267
City's Rule 12(b)6 Motion to Dismiss

Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
Telephone: (573) 340-3316
Email: alex@acj.legal


Jim Darnell, P.C.                                         Attorneys for Jared Frank
310 N. Mesa, Suite 212
El Paso, Texas 79901
Telephone: 915-532-2442
Email: jdarnell@jdarnell.com

Jeep Darnell
310 N. Mesa, Suite 212
El Paso, Texas 79901
Telephone: 915-532-2442
Email: jedarnell@jdarnell.com

Cris Estrada
310 N. Mesa, Suite 212
El Paso, Texas 79901
Telephone: 915-532-2442
Email: cestrada@jdarnell.com




                                                /s/Mathew Engelbaum
                                                **Mathew J. Engelbaum**