IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EMMA BOWAR,<br>    *Plaintiff*,<br><br>v.<br><br>THE CITY OF EL PASO; EL PASO<br>POLICE DEPARTMENT CHIEF<br>OFFICER, GREG ALLEN; and JOHN<br>and JANE DOES,<br>    *Defendants*. | §<br>§<br>§<br>§    CAUSE NO. EP-21-CV-00257-KC<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE

Before the Court is "Plaintiff's Motion for Attorney's Fees" ("Motion") (ECF No. 60). On December 14, 2022, United States District Judge Kathleen Cardone referred Plaintiff's Motion to United States Magistrate Judge Robert Castañeda. (ECF No. 66:2); *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

On May 29, 2020, Plaintiff ("Bowar") organized a protest to occur in downtown El Paso on May 31, 2020, in response to the killing of George Floyd. (ECF No. 41:3–5.) During the protest, Bowar alleges that El Paso SWAT teams and police arrived in riot gear. (*Id.* at 5–7.) After the protest, on June 9, 2020, Bowar "was cited pursuant to El Paso City Code § 13.34.020 ["City Ordinance"] for failure to provide Notice of Intent to Picket" in advance of the protest. (*Id.* at 7–8.) The El Paso municipal court dismissed that charge on January 10, 2022. (*Id.* at 8.)

1

On October 14, 2021, Bowar filed her Complaint against Defendants City of El Paso, El Paso Police Department Chief Officer Greg Allen, and El Paso Police Department Officers John and Jane Does, alleging use of excessive force and suppression of her rights to free speech and assembly. (ECF No. 1:9–18.) Bowar sought damages and a judgment declaring certain provisions of the El Paso City Code unconstitutional. (*Id.* at 18–19.) On June 27, 2022, all of Bowar's claims were dismissed except for her claims against Defendant City of El Paso ("the City") with respect to the City Ordinance. (ECF No. 37:4–5.) On September 16, 2022, Bowar and the City informed the Court that they "successfully resolved and settled all claims and causes of action" but could not reach settlement with respect to Bowar's attorney's fees. (ECF No. 47:1.) Presently before the Court is Bowar's Motion for Attorney's Fees, filed on November 29, 2022 (ECF No. 60),[1] and the City's response to the Motion ("Response"), filed on December 13, 2022 (ECF No. 65).

## II.   LEGAL STANDARD

Under 42 U.S.C. § 1988, a prevailing party in civil rights litigation "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976)). A plaintiff prevails if she "has been successful on the central issue as exhibited by the fact that [s]he has acquired the primary relief sought." *Taylor v. Sterrett*, 640 F.2d 663, 669 (5th Cir. Unit A May 1981). In other words, "a plaintiff 'prevails' when actual relief on the merits of h[er] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). The plaintiff must show that the request for attorney's fees is reasonable. *See Hensley*, 461 U.S. at 437. A fee is reasonable if it "is sufficient to induce a capable attorney to undertake the

---

[1] Bowar's preceding motions for attorney's fees were denied without prejudice (ECF Nos. 51; 54) and denied as moot (ECF Nos. 57; 62).

representation of a meritorious civil rights case," without producing a windfall for the attorney. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

The Court has discretion to determine the reasonableness and necessity of attorney's fees. *Id.* at 558; 42 U.S.C. § 1988(b). To determine such, the Court first considers the "lodestar" calculation, which equals the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *Murphy v. Smith*, 138 S. Ct. 784, 789 (2018). There is a "strong presumption that the lodestar figure . . . represents a 'reasonable' fee." *Id.* (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Nonetheless, the Court may adjust the lodestar, based on the facts of the case and the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989) ("*Johnson* factors"). *Combs v. City of Huntington*, 829 F.3d 388, 391–94 (5th Cir. 2016).[2]

> The *Johnson* factors are: (1) the time and labor required to represent the client . . . ; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 n.18 (5th Cir. 2006) (citing *Johnson*, 488 F.2d at 717–19).

Various *Johnson* factors may be "subsumed within the initial [lodestar] calculation . . . and should not be double-counted" at the adjustment stage. *Jason D.W. ex rel. Douglas W. v. Hous.*

---

[2] While the United States Supreme Court has described the lodestar method and *Johnson* factor method as two distinct approaches for assessing reasonable attorney's fees under 42 U.S.C. § 1988, *Perdue*, 559 U.S. at 550–52, the Fifth Circuit has continued to apply the *Johnson* factors as a second step after calculating the lodestar. *See, e.g.*, *Combs*, 829 F.3d at 393–95.

*Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (per curiam) (internal citations omitted). Further, the sixth factor is no longer a valid consideration for adjustment. *Perdue*, 559 U.S. at 548–50, 558. An upward adjustment of the lodestar is "permissible only in a rare and exceptional class of cases." *Combs*, 829 F.3d at 394; *see Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 925–26 (5th Cir. 2021) (per curiam).

### III.   DISCUSSION

Bowar provides a declaration from her attorney Fernando Chacon in support of her Motion. (ECF No. 60:4–7.) As explained in the Declaration, Bowar seeks $41,300.00 in attorney's fees, for 118 hours billed by Chacon at an hourly rate of $350. (*Id.* at 6–7.) The Court notes that, by its own count, Chacon's itemized list of hourly entries totals to 117.5 hours. *See* (*id.*)

The City asks the Court to limit Bowar's requested fees because she "has failed to prove [that the] request for attorney's fees is reasonable and that the fees were necessary to achieve the results obtained." (ECF No. 65:1.) Specifically, the City asks the Court to award no more than $10,000.00, based on an hourly rate of $225. (*Id.* at 16.)

First, based on the "Parties' Joint Stipulation of Dismissal with Prejudice and Request for Determination of Attorney's Fees" (ECF No. 64), the Court considers Bowar to be a prevailing party under 42 U.S.C. § 1988. *See also* (ECF No. 66.) There are no "special circumstances" to "render such an award unjust," so Bowar is entitled to recover reasonable attorney's fees and costs. *Hensley*, 461 U.S. at 429; *see Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014). The Court now proceeds to calculate the lodestar and consider any lodestar adjustments.

### a.   Lodestar Calculation

A reasonable hourly rate is "based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993).

4

The relevant community is "the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Cts. Trying Crim. Cases*, 148 F.3d 554, 558 (5th Cir. 1998), *abrogated on other grounds by Sanchez v. City of Austin*, 774 F.3d 873 (5th Cir. 2014)). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.*

A reasonable number of hours excludes "excessive, duplicative, or inadequately documented" time. *Combs*, 829 F.3d at 392 (quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379–80 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

### 1. Reasonable Rate

Bowar seeks attorney's fees at an hourly rate of $350 for Chacon. (ECF No. 60:7.) In his Declaration, Chacon states that he "asked around and believe[s] that $350 an hour is a reasonable rate for attorney's fees as they range to about $450 an hour." (*Id.* at 6.) The City disagrees, arguing for an hourly rate of $225 based on Chacon's experience in this type of case. (ECF No. 65:6.) The City also notes that Bowar failed to provide other evidence, besides Chacon's Declaration, to support the request for a $350 hourly rate. (*Id.*) (citing *Estrada v. City of El Paso*, 500 F. Supp. 2d 677, 679 (W.D. Tex. 2006)).

In support of its Response, the City provides a declaration from attorney Joseph L. Hood, Jr. (*Id.* at 18–27.) Hood explains that a reasonable rate for Chacon would be "anywhere from $200 per hour . . . to $250 per hour," while higher rates "ranging from $325 to $375 per hour are justified only for those attorneys who specialize in handling civil rights cases" because specialized

5

attorneys "can be expected to expend fewer hours in performing various tasks than lesser experienced attorneys." (*Id.* at 20.)

Chacon has been practicing law in Texas since 1983 and has experience in civil rights cases, though not specialized or substantial. (ECF Nos. 60:4–5; 65:5, 20); *see Johnson*, 488 F.2d at 718–19. Considering Chacon's experience, the degree of complexity of the case, fee awards in similar cases in this Division, and the Court's knowledge of prevailing market rates in the El Paso area, the Court finds a reasonable hourly rate for Chacon to be $300. *Cf. Denton v. City of El Paso*, No. EP-20-CV-85-KC, 2022 WL 2712859, at *4–5 (W.D. Tex. July 13, 2022) (finding $325 to be a reasonable hourly rate in a First Amendment case for an attorney with thirty-four years of experience including substantial First Amendment experience); *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711, at *4–6 (W.D. Tex. Feb. 12, 2021) (deeming $250 to be a reasonable hourly rate in an employment discrimination case for an attorney with twenty years of experience); *Rocha v. Balfour Beatty Mil. Hous. Mgmt., LLC*, No. EP-16-CV-358-DB, 2017 WL 10774806, at *1, 4 (W.D. Tex. Apr. 10, 2017) (setting $300 as a reasonable hourly rate in a pregnancy discrimination case for an attorney with over twenty years of experience). Accordingly, the Court will calculate the lodestar by awarding Chacon's time at $300 per hour.

### 2. Reasonable Hours

Bowar seeks attorney's fees for a total of 118 hours and seemingly argues that this is justified because the case was difficult. *See* (ECF No. 60:4, 6–7.) The City argues that Bowar's requested hours should be reduced because they are "excessively high," based on "vague and incomplete" billing records, and include time spent on "duplicative work and clerical tasks." (ECF No. 65:1.)

At the outset, as previously mentioned, the Court adjusts Bowar's total requested hours to 117.5. *See* (ECF No. 60:6–7.) The Court also acknowledges that, as the City points out, Bowar failed to comply with Local Rule CV-54 because the time entries listed in Chacon's Declaration are not dated. *See* W.D. Tex. CV-54(b)(2); (ECF Nos. 60:6–7; 65:5). As discussed below, the lack of contemporaneous billing records impacts the Court's ability to assess the fee request. *See Dennis v. Warren*, 779 F.2d 245, 249 (5th Cir. 1985).

### i. Duplicative Hours

The City argues that Bowar is not entitled to fees for Chacon's time spent on duplicative tasks. *See, e.g.*, (ECF No. 65:8) (comparing the substance of filings in municipal court and in this Court);[3] (*id.* at 8–9) (noting that "Plaintiff requests an excessive 15 hours for an Amended Complaint that is largely the same as the Original Complaint"). Bowar does not speak to the duplicity issue in her Motion.

Upon review of the record, the Court agrees that the hours spent on substantially similar documents are unreasonably redundant. *Compare, e.g.*, (ECF No. 1), *with* (ECF No. 65:31–40), *and* (ECF No. 41); *see Combs*, 829 F.3d at 392. This warrants an hourly reduction, the amount of which is discussed in Section III.a.2.iv. *infra*.

---

[3] Although neither party addresses the issue, the Court will consider Chacon's hours expended in municipal court as part of Bowar's fee request because Bowar prevailed in that proceeding, it related to enforcement of Bowar's federal constitutional rights, and it spurred the filing of the instant case. *See Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 255 (5th Cir. 2000) ("[W]here a state proceeding is a necessary preliminary action to the enforcement of a federal claim, these attorneys' fees may be available . . . ."); *Thomas v. Frederick*, No. Civ. A. 87-1950, 1992 WL 17273, at *5 (W.D. La. Jan. 29, 1992) (citing *Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234 (1985)) (awarding partial fees for work done in underlying state court litigation that was "functionally a substitute for work that reasonably would have been required in the federal litigation itself"); *H & a Land Corp. v. City of Kennedale*, No. 4:02-CV-458-Y, 2006 WL 8438448, at *3 n.5 (N.D. Tex. Feb. 8, 2006) (citing *Castellano v. Fragozo*, 311 F.3d 689, 711 (5th Cir. 2002), *rev'd on other grounds*, 352 F.3d 939 (5th Cir. 2003)) (awarding partial fees for state court litigation because plaintiff-intervenor's case "would most certainly have been weakened had it not vigorously prosecuted its defense in state court"); *see also* (ECF No. 1:9) (stating that, at the time of filing of the original Complaint in this proceeding, Bowar was "facing prosecution for failing to obtain a permit for protest in the Municipal Court"); (ECF No. 41:8) ("On January 10, 2022, the Municipal Court dismissed the charge against Plaintiff. . . . because the officer had no independent recollection."); (ECF No. 65:28–57) (providing documents from the municipal court proceeding).

### ii. Clerical Work and Vague Time Entries

The City contends that Bowar fails to provide clarifying information for Chacon's vague time entries. *See* (ECF No. 65:13–15.) Further, the City highlights time entries that could potentially be considered unrecoverable clerical work, though it is not clear based on their descriptions. (*Id.* at 11–12) (stating, *inter alia*, that the half-hour entry for "entry of appearance in municipal court" "could have been performed by a non-lawyer," and assuming that the "pre-trial order" entry relates to the "review and calendaring of the various deadlines, a purely clerical task"). Bowar does not address these issues in her Motion.

The Court agrees that Chacon's time entries are vague and not contemporaneous, making it challenging for the Court to assess the reasonableness of his time, especially the twelve hours of "initial research," two hour "meet[ing] with investigator," and six hours of "communication with client." (ECF No. 60:6–7); *see* (ECF No. 65:9, 13–15); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995) (stating that courts may "reduce or eliminate hours" for which the supporting documentation is "'not illuminating as to the subject matter' or [is] 'vague as to precisely what was done'" (quoting *Leroy v. City of Houston*, 906 F.2d 1068, 1080 (5th Cir. 1990))). Recommendations for hourly reductions due to vagueness are discussed in Section III.a.2.iv. *infra*. Further, the Court recommends eliminating the 1.5 hours requested for work related to the "pre-trial order" because it appears that this reflects the clerical task of calendaring deadlines. *Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 958–59 (S.D. Tex. 2016).

### iii. Excessive Hours

As aforementioned, Bowar claims that the requested hours are reasonable given the nature of the case. *See* (ECF No. 60:4, 6.) However, the City contends that Chacon's hours are excessive because this case is not difficult or novel. (ECF No. 65:5, 9) (emphasizing Chacon's requested

8

twelve hours spent on a response to a motion to dismiss and twelve hours spent on research). Additionally, in Hood's Declaration, he posits that because Bowar's Fourth Amendment claims and claims against the individual defendants were dismissed, "fees may not be awarded for any time spent pursuing [those claims] that was not otherwise spent pursuing her First Amendment claim against the City." (*Id.* at 27.) The City further contends that it should not be responsible for Chacon's hours expended as a result of his inadvertently missing a deadline to file closing papers. (*Id.* at 10) (citing (ECF No. 59)).

The Court finds that Chacon spent too much time on issues that are not particularly novel or difficult. *See, e.g.*, (ECF No. 60:6) (requesting five hours for work on Bowar's supplemental response to the motion to dismiss, (ECF No. 19), which itself only serves to update Bowar's previous *Younger* abstention arguments in light of the municipal court's dismissal order). Bowar does not demonstrate how this case is difficult or novel in a way that would require more time than other civil rights cases. *See Johnson*, 488 F.2d at 718; *Neely v. City of Grenada*, 624 F.2d 547, 551 (5th Cir. 1980); *Riley v. City of Jackson*, 2 F. Supp. 2d 864, 878 (S.D. Miss. 1997).

The Court also agrees that the requested hours are excessive because Bowar has achieved only partial success in this case. *See* (ECF Nos. 1; 37; 64); *Hensley*, 461 U.S. at 434–37. It is clear that some of Chacon's hours were not devoted to Bowar's unsuccessful claims—i.e., the hours spent in municipal court, where Bowar did not bring such claims, and the hours spent after Judge Cardone dismissed those claims. *See* (ECF Nos. 60:6–7; 65:31–40.) Although the descriptions for the remaining hours are vague and undated, it appears that some of those hours were devoted to the unsuccessful claims and should therefore be reduced.

The Court recommends eliminating the two hours requested for work related to "Plaintiff's motion to reinstate" as unreasonably excessive due to Chacon's admitted mistake in missing the

9

deadline to file closing papers. (ECF Nos. 59; 60:7.) Further recommendations for reductions of excessive hours are discussed in the next subsection.

### iv. Calculated Reductions for Reasonable Hours

The City asks the Court to reduce Chacon's hours on a per-task basis. *See* (ECF No. 65:9–10, 21–26.) The City also asks the Court to completely eliminate the hours associated with entries that are vague or reflect clerical work. *See* (*id.* at 11–15.) The Court will instead, in its discretion, make the following recommendations for hourly reductions. 42 U.S.C. § 1988(b).

As already discussed, the Court recommends eliminating, from the original 117.5 total requested hours, the two hours for Plaintiff's motion to reinstate and the 1.5 hours for the "pre-trial order." For the remaining 114 requested hours, the Court recommends a reduction of twenty-five percent. *See, e.g.*, *Hensley*, 461 U.S. at 438 n.13 (affirming reduction of hours by thirty percent "to account for [the attorney's] inexperience and failure to keep contemporaneous time records"); *Hopwood v. State of Texas*, 236 F.3d 256, 279 (5th Cir. 2000) (affirming twenty-five percent summary reduction of hours for "inadequacy of the time entries, duplicative work product, and lack of billing judgment"); *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 706–07 (E.D. La. 2001) (reducing requested hours by twenty-five percent in employment discrimination case for similar reasons); *Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.").

Thus, the Court finds Chacon's reasonable hours to be approximately 85.5 hours. Multiplying these hours by the reasonable rate of $300, the Court calculates the lodestar to be $25,650.00.

### b. *Johnson* Factors

After calculating the lodestar, the Court may then consider whether the lodestar should be adjusted. *Combs*, 829 F.3d at 391–95. "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.[4]

Here, the Court has already considered the following *Johnson* factors to calculate the lodestar, and will not consider them again for adjustment: factor two, "novelty and difficulty of the questions presented"; factor three, "skill required to perform the legal services properly"; factor five, "customary fee"; factor eight, "amount involved and the results obtained"; factor nine, "experience, reputation, and ability of the attorney"; and factor twelve, "awards in similar cases." *Jason D.W.*, 158 F.3d at 209.

Neither party advocates for adjustments under factors one ("time and labor required to represent the client"), four ("preclusion of other employment"), seven ("time limitations imposed by the client or circumstances"), or eleven ("nature and length of the professional relationship with the client"). Based on the record, the Court sees no reason to make any adjustments based on those factors. *See Johnson*, 488 F.2d at 717–19. Because the Court cannot consider factor six for adjustment purposes, only factor ten remains for discussion. *Perdue*, 559 U.S. at 558.

Factor ten, "undesirability of the case," is "based upon the finding that the attorney was subjected to oppressive, unpleasant, or intimidating conditions during the representation of the

---

[4] Such rare circumstances may include: "(1) 'where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value;' (2) 'if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted;' and (3) 'in which an attorney's performance involves exceptional delay in the payment of fees.'" *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 227 (5th Cir. 2011) (per curiam) (quoting *Perdue*, 559 U.S. at 554–56).

client." *Riley*, 2 F. Supp. 2d at 874 (citing *Cooper v. Pentecost*, 77 F.3d 829, 834 (5th Cir. 1996)). Bowar does not indicate that Chacon experienced such conditions. Rather, Chacon's Declaration only states that this case presents a "situation[] where attorneys are either unwilling or unable to represent people . . . because of the inability of the people to afford such representation and because the nature of the case is beyond the ability of your average attorney in the jurisdiction." (ECF No. 60:4.) Accordingly, adjustment of the lodestar is not warranted under this factor.

In sum, the Court finds no exceptional circumstances to merit an adjustment of the lodestar. Therefore, the Court recommends awarding Bowar attorney's fees in the amount of $25,650.00, the calculated lodestar.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees (ECF No. 60) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court recommends that Plaintiff be awarded $25,650.00 in attorney's fees.

**SIGNED** this 31st day of January, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**